UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>  Plaintiff,<br><br> v.<br><br>MAYA PALEY, et al.,<br><br>  Defendants. | Case No. 21-cv-01525-EMC<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS SHOULD NOT BE REVOKED**<br><br>Docket No. 2 |

Anthony Dewayne Lee Turner, an inmate at Mule Creek State Prison in Ione, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Docket No. 1 ("Complaint"). The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A, and dismissed it with leave to amend. *See* Docket No. 7. In a separate order, the Court granted Mr. Turner's motion to proceed in forma pauperis. *See* Docket No. 6.

It now has come to the Court's attention that Mr. Turner has had more than three prior cases dismissed as "strikes" under 28 U.S.C § 1915(g). The Court therefore orders Mr. Turner to show cause why his in forma pauperis status should not be revoked.

A.   Legal Standard

In 1996, Congress decided that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) requires that the court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).   Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that the prisoner has filed many cases does not alone warrant dismissal of the present action under § 1915(g).  *See Andrews*, 398 F.3d at 1121.  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Andrews*, 398 F.3d at 1121.

B.   Mr. Turner Has Three Strikes

*Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Andrews*, 398 F.3d at 1121.  *Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *Andrews*, 398 F.3d at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

2

Mr. Turner is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g):

1. *Turner v. Rosenfeld*, Case No. CIV-S-11-0622-EFB-P (E.D. Cal. April 6, 2012) ("*Rosenfeld I"*) (order dismissing complaint for failure to state a claim);

2. *Turner v. Rosenfeld*, Case No. 2:18-CV-2796-TLN-DMC (E.D. Cal. Jan. 7, 2019) ("*Rosenfeld II*)" (order dismissing complaint as *Heck*-barred on its face);

3. *Turner v. Napa State Hospital*, Case No. 19-cv-00318-EMC (N.D. Cal. Dec. 18, 2019) ("*Napa State Hospital*") (order dismissing complaint, after a chance to amend, for failure to state a claim); and

4. *Turner v. Sacramento City Police*, Case No. 19-0417-CKD-P (E.D. Cal. May 11, 2020) ("*Sacramento City Police*") (order dismissing complaint, after a chance to amend, as *Heck*-barred on its face and for failure to state a claim).

The Court evaluated these cases based on the dismissal orders and docket sheets in them. *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted). Having evaluated these cases, the Court concludes that each of these dismissals counts as a strike. As to Mr. Turner's *Rosenfeld I*, *Napa State Hospital*, and *Sacramento City Police* actions, it is well-established that a dismissal for failure to state a claim constitutes a strike. *See* 28 U.S.C. § 1915(g) (an action "dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted" is a strike); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (same).

As to Mr. Turner's *Rosenfeld II* and *Sacramento City Police* actions, the Ninth Circuit has concluded that a dismissal counts as a strike where an affirmative defense, such as a *Heck* bar, is apparent on the face of the complaint. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055-57 (9th Cir. 2016); *see also Irby v. Gilbert*, No. 16-35373, 2016 WL 11618605, at *1 (9th Cir. Nov. 14, 2016) (acknowledging this holding).

Because of his lengthy history of filing frivolous actions, Mr. Turner simply is not entitled to proceed in forma pauperis.

3

1  **C.    Mr. Turner Is Not In Imminent Danger**

Despite having accrued three strikes pursuant to section 1915(g), a plaintiff may still be able to proceed IFP if he can show that he is in imminent danger of serious physical injury.  The plaintiff has the burden of proving that he satisfies this exception by demonstrating that he is in imminent danger of serious physical injury.  The plain language of the imminent danger clause indicates that "imminent danger" is to be assessed at the time of the filing of the complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.; *see, e.g., id*. at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults and before he filed his complaint).  In this circuit, "requiring a prisoner to allege[] an ongoing danger . . . is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

In addition, "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  To qualify under the imminent danger exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.*

Here, Mr. Turner claimed that he received inadequate medical treatment while incarcerated at SQSP in 2020, where he briefly was prescribed a medication to which he was allergic.  *See generally*, Compl.  The Complaint sues medical providers at SQSP, as well as Napa State Hospital and Atascadero State Hospital.  *See id*. at 1-2.  However, the Complaint reveals that by the time of Mr. Turner filed this action in 2021, he was incarcerated at Mule Creek State Prison.  *See id*. at 1.  Because the allegedly inadequate treatment had already been rendered at the time of filing, and Mr. Turner was no longer before the allegedly indifferent medical team(s) at the time of filing, it is plain that any danger he faced from Defendants was not "imminent" when this action was filed.

4

Accordingly, Mr. Turner does not qualify for the imminent danger exception.

D.      Conclusion

In light of these dismissals, and because Mr. Turner does not appear to be under imminent danger of serious physical injury, he is **ORDERED TO SHOW CAUSE** in writing filed no later than **November 4, 2022,** why *in forma pauperis* status should not be revoked and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

In the alternative to showing cause why the action should not be dismissed, Mr. Turner may avoid dismissal by paying the filing fee by the deadline.

**IT IS SO ORDERED**.

Dated: October 5, 2022

_____
EDWARD M. CHEN
United States District Judge

5